UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPN, INC., <br><br>             Plaintiff, <br> v. <br> QUIKSILVER, INC., <br><br>             Defendant. <br><br> QUIKSILVER, INC., <br><br>             Counterclaimant, <br> v. <br> ESPN, INC., <br><br>             Counterdefendant. | 08 Civ. 4222 (CM) (MHD) <br> ECF Case <br><br> [PROPOSED] STIPULATED <br> PROTECTIVE ORDER |

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/08
```

IT IS HEREBY STIPULATED by and between Plaintiff and Counterdefendant ESPN, Inc., ("ESPN") and Defendant and Counterclaimant QUIKSILVER, Inc., ("Quiksilver") (collectively, the "Parties") as follows:

A.  **GENERAL PROVISIONS AND DEFINITIONS**

   1.  Scope

      a.  This Stipulated Protective Order ("Order") shall apply to all "writings," "recordings" and "photographs" as defined in sections 1001(1) and (2) of the Federal Rules of Evidence and to any other tangible thing produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. This definition applies equally to original as well as to derivative writings, recordings and photographs (including, but not limited to, copies, extracts therefrom, digests, compilations and summaries thereof).

      b.  This Order shall govern any document or information furnished by any party, or third parties, to any other party in connection with the discovery and pre-trial phase of this action. This includes, but is not limited to, material produced in connection with initial

disclosures or in response to demands for production of documents or other things; responses to interrogatories; responses to requests for admission; responses to subpoenas; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. This Order does not govern proceedings during trial, nor does it prohibit any party from seeking a protective order to govern proceedings during trial.

2. Materials Outside Of This Order's Scope

The restrictions of this Order will not apply to:

a. Any material that, at the time of disclosure, is in the public domain, in a form the same as or substantially similar to that disclosed; and

b. Any material that, after disclosure, becomes part of the public domain, in a form the same as or substantially similar to that disclosed, as a result of publication not involving a violation of this Order.

3. "Confidential Material" Defined

For the purposes of this Order, "Confidential Material" shall mean those documents or information of any type, kind or character that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by any of the producing or receiving parties, including, but not limited to documents (in any form), information contained in a document, information revealed during a deposition and information revealed in written discovery responses. In designating information as Confidential Matter, a party will make such designation only as to that information which it, in good faith, believes contains confidential or proprietary trade secrets, operations, research, know-how, developmental information, or other non-public information, the disclosure of which could have the likely effect of harming the competitive position of the designating party or would violate an obligation of confidentiality to a third person, including a court.

Nothing shall be designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" except Confidential Matter that discloses highly sensitive competitive information, the disclosure of which could inflict competitive harm on the designating party. In

making this designation, the party shall act in good faith. Such information includes, but is not limited to: business plans; sales or marketing strategies; product development information; corporate strategies and processes; profit information; financial results and projections; sales data; and highly sensitive competitive information concerning customers, vendors, dealers, employees or consultants.

4. "Qualified Persons" Defined

For the purposes of this Order, "Qualified Persons" shall mean:

a. The parties' outside counsel of record in this action and regular and temporary partners, associates, employees or service contractors (such as document copy services, graphic design services, jury consultants, mock jurors, and messengers) of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

b. Any independent outside expert or consultant retained by the parties' outside counsel who is assisting in this action;

c. Personnel of the Court, pursuant to this Order;

d. Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

e. In-house counsel for the parties responsible for overseeing this litigation;

f. Any person who authored or was an identified original recipient of the Confidential Material; and

g. Any other person only upon order of the Court or upon written consent of the parties.

B. DESIGNATION PROCEDURES

Documents or information may be designated as Confidential Material as follows:

1. Written Materials And Objects

Written materials or objects may be designated as Confidential Material by

placing on the written materials or physical objects in a conspicuous place the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    2.    <u>Non-Written Materials</u>

Materials not in the form of writings or physical objects (including, but not limited to, depositions or other pre-trial testimony) or materials that cannot be conveniently designated as set forth in the above paragraph may be designated as Confidential Material by a statement on the record, by a counsel, during such deposition or other proceeding that the entire transcript or a specific portion thereof shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    3.    <u>Time of Designation</u>

It is preferred that the designation shall be made at the time such Confidential Material is produced or disclosed. However, a party or third party may designate any written or non-written materials or objects as Confidential Material by giving written notice within 30 days after the information is produced or disclosed. No party or third party shall have any obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice.

**C.    OBJECTIONS TO DESIGNATION**

A party may object to a designation of documents or information as Confidential Material by serving a written objection upon the designating party. The designating party shall notify the objecting party in writing of the bases for the asserted designation within ten (10) calendar days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) calendar days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) court days after conferring with the producing party,

with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or testimony be excluded from the provisions of this Order. The burden of proving the confidentiality of the designated document and/or information remains with the party asserting such confidentiality. Failure to make an application within this period shall constitute a waiver of the objection. Until the parties or the Court finally resolve a dispute over the asserted designation, all parties and persons shall treat the information or materials in question as Confidential Material, pursuant to the terms of this Order.

### D. DISSEMINATION OF CONFIDENTIAL MATERIAL

1. Disclosure Of Confidential Material

Confidential Material shall be used solely to prepare for and try this litigation and any appeal, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

Confidential Matter shall not be disclosed or made available by any party to this litigation to persons other than Qualified Persons as defined in Paragraph A(4) above; provided, however, Confidential Matter designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be restricted in circulation to Qualified Persons described in paragraph A(4)(a), (b), (c), (d), (f) and (g) above.

Confidential Material shall not be disclosed to persons described in section (b) or (g) unless or until such person has executed an affidavit in the form attached as Exhibit "A."

2. Attorneys' Actions

a. Nothing in this Order will bar or otherwise restrict an attorney who is authorized to receive Confidential Material from rendering advice to his or her client with respect to this action or generally referring to or relying on his or her examination of Confidential Material that has been produced under this Order.

b. In rendering such advice or in otherwise communicating with his or her client, the attorney will not disclose the specific content of any Confidential Material produced, if disclosure would not otherwise be permitted under the terms of this Order.

### E.  USE AND HANDLING OF CONFIDENTIAL MATERIAL

#### 1.  Use Of Confidential Material

Any Confidential Material will be held in confidence by each receiving party; will be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function; will be used by each receiving party for purposes of this action only and not for any business or other purpose unless agreed to in writing by all parties to this action or as authorized by the further Order of the Court; and will not be disclosed to, or the substance discussed with, any person who is not authorized to receive such Confidential Material pursuant to this Order.

#### 2.  Use Of Confidential Material In Pleadings Or Evidence

Pleadings, memoranda or other papers that contain Confidential Material will be delivered to the Clerk of the Court in sealed envelopes and shall not be available for public inspection. Such sealed envelopes should bear the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; and include a statement substantially in the following form: FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

#### 3.  Use Of Confidential Material In Testimony And Depositions

Any person may be interviewed and examined as a witness at depositions and may testify concerning (1) all Confidential Material of which the person has prior knowledge, and (2) as to Confidential Material for which his or her company is the producing party, unless the person would not have access to the Confidential Material during the normal course of his or her employment, the producing party objects to such disclosure, and such objection is based on a good-faith assertion that the producing party has a legitimate business reason why such disclosure should not be made. If an interview or examination concerns Confidential Material, any party will have the right to exclude from the portion of the examination or interview

concerning the Confidential Material any person other than the witness, the witness' attorneys, and persons authorized to review such Confidential Material. If the witness is represented by an attorney who is not authorized to review the Confidential Material, then before the interview or examination, the producing party will be given the opportunity to seek a further protective order or the attorney will be requested to provide a declaration, in the form of Exhibit "A" to this Order.

4. Subpoenas

If any person or party having possession, custody or control of any Confidential Material receives a subpoena or other process or order to produce Confidential Material, he or she will promptly:

  a. Notify in writing the attorneys of record of the party claiming confidentiality of the Confidential Material sought by the subpoena or other process or order;

  b. Furnish those attorneys with a copy of the subpoena or other process or order; and

  c. Provide reasonable cooperation with respect to a procedure to protect the Confidential Material. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process or order, there will be no disclosure, process or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it, if the person or party has fulfilled its obligations under this Order.

5. Safekeeping Of Confidential Material

Confidential Material shall be maintained in the custody of outside trial counsel of record for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by authorized recipients entitled to access to such documents under the terms of this

Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated as Confidential Material shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

F. **MISCELLANEOUS PROVISIONS**

1. Effect

Entering into, agreeing to, and/or producing or receiving Confidential Material, or otherwise complying with the terms of this Order shall not:

a. Operate as an admission by any party that any particular Confidential Material does or does not contain or reflect trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b. Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Material;

c. Prejudice in any way the rights of the parties to object to the production of documents or giving of information they consider not subject to discovery;

d. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

e. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

f. Prejudice in any way the rights of a party to make a showing that materials of proprietary or competitive value, but not specifically included in the category of Confidential Material, may be properly designated as such;

g. Prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for in this Order with respect to any particular Confidential Material; or

h. Prejudice in any way the rights of a party to apply to the Court at

any time to relax or rescind the restrictions of this Order, when convenience or necessity so requires. The procedures set forth in this Order will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

2. No Waiver

The taking of, or the failure to take, any action to enforce the provision of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, nor will it be construed to be admissible or offered before any Court, agency or tribunal in this action or any other action, as evidence for any claim or defense that any information is or is not relevant, material, or otherwise discoverable; is or is not confidential or proprietary to any party; or is or is not entitled to particular protection.

3. No Probative Value

This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that Confidential Material is marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order will not be considered to be determinative of what a trier of fact may decide to be confidential or proprietary. The fact that Confidential Material has been designated and/or marked as such under this Order will not be relevant during the trial of this action, and the parties will jointly agree on an instruction to the jury regarding the lack of relevance of this designation and/or marking.

4. Court's Jurisdiction

The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate. The provisions of this Order regarding the use or disclosure of Confidential Material will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

5. Notices

Any of the notice requirements in this Order may be waived, in whole or in part, if such waiver is made in writing and signed by the attorney of record for the party against whom such waiver is sought.

6. Amendments

The parties may amend this Order in writing and may seek to have the amendments entered by the Court as part of this Order.

7. Privileged Documents

If any party inadvertently produces a document that it believes is privileged, the receiving party shall immediately return the document and may not claim a waiver based on the production.

8. <u>Binding on All Parties</u>

This Order, upon entry as such by the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives.

Dated: July 1, 2008

LATHAM & WATKINS LLP

By: /s/ Jennifer L. Barry
Kenneth Conboy (KC 1154)
Jaron R. Shipp (JS 6365)
885 Third Avenue, Suite 1000
New York, New York 10022
(212) 906-1200
kenneth.conboy@lw.com
jaron.shipp@lw.com

Mark A. Finkelstein (MF 1040)
650 Town Center Drive, Suite 2000
Costa Mesa, California 92626
(714) 540-1235
mark.finkelstein@lw.com
Admitted *pro hac vice*

Jennifer L. Barry (JB 0245)
600 West Broadway, Suite 1800
San Diego, California 92101
(619) 236-1234
jennifer.barry@lw.com
Admitted *pro hac vice*

Attorneys for Defendant
and Counterclaimant
*Quiksilver, Inc.*

July 1, 2008

NIXON PEABODY LLP

By:_____
Frank W. Ryan (FR 0618)
Tamar Y. Duvdevani (TD 7603)
437 Madison Avenue
New York, New York 10023
(212) 940-3000
fryan@nixonpeabody.com
tduvdevani@nixonpeabody.com

Attorneys for Plaintiff
and Counterdefendant
*ESPN, Inc.*

ORDER

IT IS SO ORDERED.

DATED: _____, 2008        _____
                                THE HONORABLE COLLEEN MCMAHON
                                UNITED STATES DISTRICT JUDGE

8.  **Binding on All Parties**

This Order, upon entry as such by the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives.

Dated: July 1, 2008

LATHAM & WATKINS LLP

By:_____
Kenneth Conboy (KC 1154)
Jaron R. Shipp (JS 6365)
885 Third Avenue, Suite 1000
New York, New York 10022
(212) 906-1200
kenneth.conboy@lw.com
jaron.shipp@lw.com

Mark A. Finkelstein (MF 1040)
650 Town Center Drive, Suite 2000
Costa Mesa, California 92626
(714) 540-1235
mark.finkelstein@lw.com
Admitted *pro hac vice*

Jennifer L. Barry (JB 0245)
600 West Broadway, Suite 1800
San Diego, California 92101
(619) 236-1234
jennifer.barry@lw.com
Admitted *pro hac vice*

Attorneys for Defendant
and Counterclaimant
*Quiksilver, Inc.*

July 1, 2008

NIXON PEABODY LLP

By: _____
Frank W. Ryan (FR 0618)
Tamar Y. Duvdevani (TD 7603)
437 Madison Avenue
New York, New York 10023
(212) 940-3000
fryan@nixonpeabody.com
tduvdevani@nixonpeabody.com

Attorneys for Plaintiff
and Counterdefendant
*ESPN, Inc.*

IT IS SO ORDERED.

DATED: 2 July, 2008

ORDER

_____
THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I, _____, declare under penalty of perjury as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____ _____.

3. My present employer is: _____.

   4. I have received a copy of the Stipulated Protective Order ("Order") entered in the matter of *ESPN, Inc. v. Quiksilver, Inc.*, Case No. 08 Civ. 4222 (CM) (MHD). I have carefully read and understand the provisions of the Order.

   5. I am bound by the terms and conditions and all provisions of the Order, and agree to comply with the terms and conditions of this Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material that I receive in this action.

   6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Executed on _____, 2008 in the County of _____, State of _____.

---

SIGNATURE OF DECLARANT