UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPN, INC.,<br><br>                    Plaintiff,<br>v.<br>QUIKSILVER, INC.,<br><br>                    Defendant. | 08 Civ. 4222 (CM) (MHD)<br>ECF Case<br><br>JOINT RULE 26(f) REPORT |
| QUIKSILVER, INC.,<br><br>                    Counterclaimant,<br>v.<br>ESPN, INC.,<br><br>                    Counterdefendant. | |

   This Joint Report is submitted pursuant to Federal Rule of Civil Procedure 26(f), and provides information that was not the subject of the previously-filed Civil Case Management Plan, entered by the Court on June 12, 2008. In accordance with Rule 26(f), counsel for plaintiff and counterdefendant ESPN, Inc. ("ESPN"), and counsel for defendant and counterclaimant Quiksilver, Inc. ("Quiksilver"), met and conferred, and now jointly submit this report.

   1.   **SCOPE OF DISCOVERY AND LIMITATIONS**

   The scope of discovery shall be defined by the claims and defenses in the pleadings. Discovery will be needed as to ESPN's claims and defenses, Quiksilver's claims and defenses, and the parties' claimed damages. There shall be no particular order followed for discovery, except as otherwise agreed to by the parties or ordered by the Court.

   The parties exchanged initial disclosures under Rule 26(a) on June 19, 2008, and agreed that no changes should be made in the form or requirements for those disclosures.

   The parties have agreed that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, the Local Rules of the Southern

SD\639058.5

District of New York, or this Court's Individual Practices and Rules Governing Electronic Discovery, unless otherwise ordered by the Court, except as follows:

  a) The 10-deposition limit set forth in Rule 30(a)(2) of the Federal Rules of Civil Procedure is modified to apply only to percipient witness depositions. The parties are accordingly permitted to also take one deposition of each of the opposing party's expert witnesses (if any), and these expert depositions will not count against the 10-deposition limit.

  b) The parties have agreed that privileged documents created after the date of the filing of the Complaint in this action (*i.e.*, May 2, 2008) do not need to be listed or otherwise referenced in any privilege log.

  c) The parties have agreed to modify Rule 4(b) of this Court's Rules Governing Electronic Discovery, such that documents and information that have been determined to be of limited accessibility will only be produced upon a showing of good cause by the requesting party.

  d) The parties have agreed that all electronic documents and information will be produced to the requesting party in electronic form, as follows:

    i) all documents will be produced in single page TIFF format, with the exception of Microsoft Excel and PowerPoint documents, which will be produced in their native formats;

    ii) all documents produced in the above-referenced TIFF format will be accompanied by a corresponding Concordance-compatible load file that appropriately groups multi-page documents and that includes the following metadata, if such metadata exists:

     (a) Email: From, To, CC, BCC, Subject, body/text of email, Sent Date/Time, Received Date/Time

     (b) Other documents: Author, Title, Subject/File Name, body/text of document, Comments (via bubbles), Track Changes (via bubbles), Date/Time Created, Date/Time Modified

     (c) The parties reserve the right to request a copy of a

document in its native format.

    iii) all Excel and PowerPoint documents will be accompanied by a corresponding Concordance-compatible load file that includes a link to the native document and the following metadata, if such metadata exists: Author, Title, Subject/File Name, body/text of document, Date/Time Created, Date/Time Modified, Comments (flagged in load file), Speaker Notes (flagged in load file).

    e) The parties have further agreed that any hard copy or electronic documents that are exact duplicates of other hard copy or electronic documents being produced can be removed from the production data set and need not be produced to the requesting party. The custodian field in the load file accompanying the produced document should, however, note which custodians received the duplicate copies.

    f) The parties have agreed that either party may request revisions to the agreed-upon electronic search terms once searches have been run using those original terms, if there are previously unforeseen issues with the original terms. The parties have further agreed that the party requesting revisions to the electronic search terms may seek Court intervention if the parties cannot agree in good faith on the proposed revisions.

    g) The parties have negotiated a stipulated protective order suitable to protect any discoverable confidential information. This protective order was entered by the Court on July 2, 2008.

## 2. DISCOVERY DEADLINES AND COMPLETION DATES

The parties have previously submitted discovery deadlines and completion dates in the Civil Case Management Plan entered by the Court on June 12, 2008.

Dated: August 19, 2008

LATHAM & WATKINS LLP

By: _____
Kenneth Conboy (KC 1154)
Jaron R. Shipp (JS 6365)

August 19, 2008

NIXON PEABODY LLP

By: _____
Frank W. Ryan (FR 0618)
Tamar Y. Duvdevani (TD 7603)

SD\639058.5

885 Third Avenue, Suite 1000
New York, New York 10022
(212) 906-1200
kenneth.conboy@lw.com
jaron.shipp@lw.com

Mark A. Finkelstein (MF 1040)
650 Town Center Drive, Suite 2000
Costa Mesa, California 92626
(714) 540-1235
mark.finkelstein@lw.com
Admitted *pro hac vice*

Jennifer L. Barry (JB 0245)
600 West Broadway, Suite 1800
San Diego, California 92101
(619) 236-1234
jennifer.barry@lw.com
Admitted *pro hac vice*

Attorneys for Defendant
and Counterclaimant
Quiksilver, Inc.

437 Madison Avenue
New York, New York 10023
(212) 940-3000
fryan@nixonpeabody.com
tduvdevani@nixonpeabody.com

Attorneys for Plaintiff
and Counterdefendant
ESPN, Inc.

SD\639058.5

4